IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JERRAD BOURBON, WILLIAM W. FADLER, & SCOTT HALL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 4:17-cv-01419 |
| CENTRAL CONTRACTING & MARINE, INC. & DAVID BROWN, | ) ) ) ) | REQUEST FOR JURY TRIAL |
| Defendants. | | |

## COMPLAINT

COME NOW Plaintiffs Jerrad Bourbon, William W. Fadler, and Scott Hall ("Plaintiffs"), and for their Petition against Defendants Central Contracting & Marine, Inc. and David Brown ("Defendants") state and allege as follows:

### Nature of Case

1. Plaintiffs Bourbon, Fadler, & Hall were employed by Defendants for periods in excess of three (3) years ending on or about October 31, 2016. Plaintiff Hall was employed by Defendants for a period in excess of three (3) years ending on or about August 31, 2016. Plaintiffs were paid on an hourly, non-salary, non-exempt basis. Plaintiffs frequently worked in excess of forty (40) hours per week, but Defendants did not pay Plaintiffs one-and-one-half times their regular rate of pay for all time worked in excess of forty (40) hours in each workweek. Plaintiffs seek to recover unpaid compensation under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Act Law ("MMWL").

## Jurisdiction and Venue

1.  Missouri state law and Federal law both authorize court actions by private parties to recover damages for violations of the MMWL and the FLSA. *See* R.S.Mo. §290.500 *et seq.*, 29 U.S.C. §216(b). Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. §216(b); therefore, this Court has original federal jurisdiction under 28 U.S.C. Section 1331 for the claims brought under the FLSA and jurisdiction over Plaintiffs' state law claims under pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

2.  Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. §1391(b) inasmuch as the Defendant has offices, conducts business and can be found in the Eastern District of Missouri. Defendant resides and maintains their principal place of business in Jefferson County.

## Parties

3.  Plaintiff Bourbon is a resident of the State of Missouri. Plaintiff Bourbon worked as an operator for Defendants at their business, Central Contracting & Marine, Inc. in Festus, Jefferson County, Missouri, for a period in excess of three (3) years ending on or about October 31, 2016. Plaintiff William Fadler is a resident of the State of Missouri. Plaintiff Fadler worked as a truck driver for Defendants at their business, Central Contracting & Marine, Inc. in Festus, Jefferson County, Missouri for a period in excess of three (3) years prior to October 31, 2016. Plaintiff Scott Hall is a resident of the State of Missouri. Plaintiff Hall worked as a truck driver and also as a maintenance man for Defendants at their business, Central Contracting & Marine, Inc. in Festus, Jefferson County, Missouri, for a period in excess of three

(3) years ending on August 22, 2016.  All named Plaintiffs have executed consents to be named as parties in this action, which are attached hereto as Group Exhibit 1.

4. Defendant Central Contracting & Marine, Inc. is a Missouri corporation registered and active in the State of Missouri with its principal place of business located at 1500 David Manor, Festus, Missouri 63028.  Defendant Central Contracting & Marine, Inc. can be served through its designated registered agent:  David Brown, 1500 David Manor, Festus, Missouri 63028.  Defendant David Brown is a resident of the State of Missouri.  Defendant David Brown can be served at 1500 David Manor, Festus, Missouri 63028.

5. At all times relevant to this litigation, Defendant David Brown was an owner, officer, and/or director of Central Contracting & Marine, Inc. who managed and directed the business maintained operational control of Central Contracting & Marine, Inc.'s day-to-day functions, and maintained control over such entities' pay practices and/or had authority to hire and fire employees, including Plaintiffs.

6. At all times relevant to this litigation, Defendants Central Contracting & Marine, Inc. and David Brown were joint employers of Plaintiffs.

7. As an operator working for Defendants for three (3) years prior to the date of this filing, Plaintiff Jerrad Bourbon was compensated as an hourly, non-salary, non-exempt employee.

8. As a truck driver working for Defendants for three (3) years prior to the date of this filing, Plaintiff William Fadler was compensated as an hourly, non-salary, non-exempt employee.

9. As a truck driver and also as a maintenance man working for Defendants for three (3) years prior to August 31, 2016, Plaintiff Scott Hall was compensated as an hourly, non-salary, non-exempt employee.

10. Plaintiffs frequently worked in excess of forty (40) hours per workweek while working for Defendants.

11. Defendants did not pay Plaintiffs one-and-one-half times their regular rates of pay for all hours they worked in excess of forty (40) hours per workweek.

12. Plaintiffs and Defendants entered into a tolling agreement tolling the statute of limitations relevant to all claims asserted herein beginning January 3, 2017, and running through April 30, 2017.

## COUNT I: Violation of the Fair Labor Standards Act of 1938

13. Plaintiffs reassert and re-allege the allegations set forth above.

14. At all times relevant to this litigation, Plaintiffs were entitled the rights, protections and benefits under the FLSA, 29 U.S.C. §201 *et seq.*

15. The FLSA regulates, among other things, the payment of overtime compensation to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

16. Defendants are subject to the overtime pay requirements of the FLSA because they are an enterprise jointly engaged in interstate commerce, and in working for Defendants, Plaintiffs were engaged in interstate commerce. Further, Defendants are an enterprise whose joint annual gross volume of sales made or business done exceeds $500,000.00.

17. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from minimum wage and overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs.

18. Plaintiffs were not paid overtime wages for time worked beyond 40 hours in each workweek, and accordingly, Defendants violated the FLSA. Specifically, Defendants' own records reflect that Plaintiffs worked overtime hours, and that they were not given overtime pay.

19. Plaintiffs Bourbon and Fadler are entitled to damages for unpaid overtime worked within three (3) years preceding October 31, 2016, but excluding the number of days within that period between November 1, 2016 and January 3, 2017.

20. Plaintiff Hall is entitled to damages for unpaid overtime worked within three (3) years preceding August 31, 2016, but excluding the number of days between September 1, 2016 and January 3, 2017.

21. Prior to filing this action, Plaintiffs provided Defendants with notice that they believed they were entitled to overtime compensation, however, Defendants have claimed that Plaintiffs are exempt employees. Plaintiffs assert that they are non-exempt employees.

22. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully, and with reckless disregard of applicable law and/or of Plaintiffs' rights.

23. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recovery of an award of liquidated damages in an amount equal to the amount of unpaid wages as permitted by 29 U.S.C. §216(b).

24. As a result of the aforesaid violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiffs. Accordingly, Defendants are liable under 29 U.S.C. §216(b), together with liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs and expenses in this action.

**WHEREFORE,** as to Count I of their Petition, Plaintiffs demand judgment against Defendants and pray for: (1) back pay overtime damages to the fullest extent permitted under the FLSA; (2) liquidated damages to the fullest extent as mandated under the FLSA; (3) litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as this Court deems just and proper.

### COUNT II: Violation of the Missouri Minimum Wage Law

25. Plaintiffs reassert and re-allege the allegations set forth above.

26. At all times relevant to this litigation, Plaintiffs were entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo. §290.500 *et seq.*

27. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions that are not applicable here. R.S.Mo. §290.500(3) & (4); R.S.Mo. §290.505.1.

28. At all times relevant to this litigation, Defendants were each the "employer" of Plaintiffs within the meaning of the MMWL. R.S.Mo. §290.500(3) & (4).

29. At all times relevant to this litigation, Plaintiffs were the Defendants' "employees" within the meaning of MMWL. R.S.Mo. §290.500(3).

30. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one-and-one-half-times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. R.S.Mo. §290.505.1.

31. Defendants violated the MMWL by refusing and failing to pay Plaintiffs overtime wages as required under the MMWL. R.S.Mo. §290.505.1.

32. Plaintiffs Bourbon and Fadler are entitled to damages for unpaid overtime worked within three (3) years preceding October 31, 2016, but excluding the number of days within that period between November 1, 2016 and January 3, 2017.

33. Plaintiff Hall is entitled to damages for unpaid overtime worked within three (3) years preceding August 31, 2016, but excluding the number of days between August 31, 2016 and January 3, 2017.

34. Plaintiffs are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

35. Defendants are liable pursuant to R.S.Mo. §290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE,** as to Count II of their Complaint, Plaintiffs demand judgment against Defendants and pray for: (1) back pay overtime damages to the fullest extent permitted under the MMWL; (2) liquidated damages to the fullest extent as mandated under the MMWL; (3) litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the MMWL; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

**NEWTON BARTH, L.L.P**

/s/ *Brandy B. Barth*
Brandy B. Barth, MO56668

555 Washington Ave., Suite 420
St. Louis, Missouri 63101
Telephone: (314) 272-4490
Facsimile: (314) 762-6710
Email: bbarth@newtonbarth.com