UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRAD BOURBON, WILLIAM W. FADLER, and SCOTT HALL, ) ) ) | |
| Plaintiffs, ) ) | Cause No. 4:17-CV-01419-NAB |
| vs. ) ) ) | |
| CENTRAL CONTRACTING & MARINE, INC. and DAVID BROWN, ) ) ) | |
| Defendants. ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AND FOR STIPULATED DISMISSAL**

COME NOW Central Contracting and Marine, Inc. ("CCM") and David Brown ("Defendants"), and Jerrad Bourbon, William Fadler, and Scott Hall ("Plaintiffs"), and move this Court to approve the settlement agreement made between the parties as a result of mediation conducted pursuant to this Court's Order and dismiss the action with prejudice. In support of their motion, the parties state as follows:

1. Plaintiffs filed suit against Defendants on May 1, 2017. Their suit alleges that while employed by Defendants, Plaintiffs worked in excess of 40 hours during certain workweeks but were not paid an overtime premium in violation of the Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Act Law ("MMWL").

2. Answering, Defendants raised the affirmative defense that Plaintiffs were not paid an overtime premium because they were exempt. Defendants also asserted that Plaintiffs are not entitled to liquidated damages because Defendants made a good faith effort to ascertain and

follow the mandates of the FLSA, and also because Defendants had a good faith, reasonable basis to believe that these employees were exempt. Defendants further answered that David Brown was not liable in his individual capacity because he was not an employer for purposes of the statute.

4.  The Parties exchanged initial disclosures pursuant to Rule 26(a)(1) Fed.R.Civ.P. on or before September 21, 2017, which included documents showing all of Plaintiffs' actual pay and the hours they worked during the time periods at issue.

5.  On January 4, 2018, this Court issued an Order referring the case to mediation.

6.  Prior to mediation, counsel to the Parties exchanged correspondence which articulated their respective positions on the factual and legal issues of the case and proposed settlement amounts. The Parties also exchanged information regarding the nature of the work performed by the Plaintiffs and the nature of CCM's business operations.

7.  On April 3, 2018, the Parties, together with their counsel, participated in an arm's-length mediation session conducted by Jerome Diekemper, an experienced neutral who is certified by the Eastern District of Missouri.

8.  At the time of mediation, disputed factual and legal issues remained, including whether the Motor Carrier Act exemption applied to the work performed by Plaintiffs; whether Plaintiffs would be entitled to liquidated damages; and whether David Brown was a proper defendant in his individual capacity.

9.  In spite of their differences, the Parties were able to reach a negotiated settlement agreement during the mediation session.

10. The parties have requested permission to file the settlement agreement as an exhibit under seal for in camera review due to the confidential nature of the agreement.

11. The settlement agreement is fair to all Parties and does not represent any overreaching by Defendants.

12. The law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class, and similarly whether a settlement that is not reviewed and approved by the Court is enforceable in certain circumstances.

13. In the absence of the Court's approval, the parties are left in an uncertain position, therefore courts in the Eastern District of Missouri have found it appropriate to review proposed settlements of FLSA claims for fairness, even where no class is certified, where there is a bona fide dispute between the parties at the time settlement was reached.  See e.g. King v. Raineri Const., LLC, No. 4:14-CV-1828-CEJ, 2015 WL 631235, at *1 (E.D. Mo. Feb 12, 2015).

14. A district court may approve a FLSA settlement after it determines that a bona fide dispute existed at the time of settlement, and that the settlement is fair and equitable to all parties.  Sanderson v. City of Pelosi, No. 4:13-CV-1457-NAB, 2016 WL 1746084, at *1 (E.D. Mo. May 3, 2016).  There is a strong presumption in finding a settlement fair.  Id.

15. This Court should review and approve the Parties' settlement agreement because the parties it is fair to all parties under the totality of the circumstances including the disputed factual and legal issues of the case.

16. The Parties stipulate that, upon approval of this Court of the settlement agreement, this matter should be dismissed with prejudice, with each party to bear its own costs.

WHEREFORE, Defendants Central Contracting and Marine, Inc. and David Brown, and Plaintiffs Jerrad Bourbon, William Fadler, and Scott Hall pray that the Court approve their settlement agreement and dismiss this action with prejudice.

Respectfully submitted,

GOLDSTEIN and PRICE, L.C.
 and Douglas E. Gossow #35525
 and Jessica M. Emery #69714

By:   */s Douglas Gossow*
One Memorial Drive, Suite 1000
St. Louis, MO  63102-2449
Tel  (314) 421-0710
Fax (314) 421-2832
doug@gp-law.com
jessica@gp-law.com
*Counsel for Defendants*

and

Newton Barth LLP

By:   */s Brandy Barth* (by consent)
Brandy B. Barth, #56668MO
BBarth@newtonbarth.com
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
Telephone: (314) 272-4490
Facsimile: (314) 762-6710
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Court to be served upon all counsel of record by operation of the CM/ECF system this 12th day of April, 2018.


                                           */s Douglas Gossow*