**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JERRAD BOURBON, WILLIAM W. FADLER, and SCOTT HALL, ) ) ) | |
| Plaintiffs, ) ) | Cause No. 4:17-CV-01419-NAB |
| vs. ) ) ) | |
| CENTRAL CONTRACTING & MARINE, INC. and DAVID BROWN, ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT**

COME NOW Central Contracting and Marine, Inc. ("CCM") and David Brown ("Defendants"), and Jerrad Bourbon, William Fadler, and Scott Hall ("Plaintiffs"), and in support of their Joint Motion to Approve Settlement and for Stipulated Dismissal, the parties state as follows:

**A.     Introduction**

This case concerns whether three of CCM's former employees were entitled to overtime pay for work they did until CCM was sold in 2016. Plaintiffs Bourbon, Fadler and Hall filed suit on May 1, 2017, alleging that Defendants willfully failed to pay them overtime wages as required by the Fair Labor Standards Act ("FLSA" or the "Act") and the Missouri Minimum Wage Act Law ("MMWL"). Defendants responded that no overtime premium was due because the three employees were exempt from overtime pay. Defendants further raised the defense that even if the court were to find that Plaintiffs were entitled to an overtime premium, Plaintiffs

would not be entitled to liquidated damages because Defendants belief the employees were exempt was in good faith and had a reasonable basis.

Both parties exchanged initial disclosures which included all of the pay records and hours worked for these employees for the years at issue, including 2014, 2015, and 2016.  The Parties also exchanged information regarding the nature of the work performed by the Plaintiffs and the nature of CCM's business operations. Pursuant to the Court's scheduling order, the case was referred for alternative dispute resolution on January 3, 2018.  Prior to mediation, the Parties exchanged correspondence which outlined the factual and legal bases for their respective positions and proposed settlement possibilities.  A mediation was held on April 3, 2018, with an experienced, certified neutral.  All Parties were present and represented by experienced counsel.  During the mediation the Parties continued to discuss the facts and the merits of the case.  The Parties entered into a settlement agreement at the mediation which took into account the factual and legal arguments of both sides. The parties now ask this Court to approve the settlement.  See Ex. A (which the parties have requested permission to file under seal for in camera review).

### B.  Legal Standard

In most instances, a settlement such as the one proposed by the Parties does not require court approval.  *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 127 (D.D.C. 2014) (citing Fed. R. Civ. P. 41).  However, the FLSA is protective and its "provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement." *Id.* (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."  *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage &*

*Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982).  "The law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015).  If a settlement in an employee FLSA suit reflects a reasonable compromise over issues that are actually in dispute, a district court may approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Lynn's Food Stores, Inc.* at 1354.  Because declining to review the proposed settlement agreement would leave the parties in an uncertain position, many courts, including the Eastern District of Missouri, will review FLSA-related settlement terms for fairness.  *Sanderson v. City of Potosi*, No. 4:13-CV-1457 NAB, 2016 WL 1746084, at *1–2 (E.D. Mo. May 3, 2016).  "A district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties."  *Id.* (citing cases).

Factors a court may consider to determine whether the settlement is fair and reasonable include "the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case."  *King*, 2015 WL 631253, at *2.  In making a fairness determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair."  *Sanderson v. City of Potosi* at *1.

### C.  The Parties Had a Bona Fide Dispute at the Time of Settlement

The Parties were in dispute at the time of settlement regarding Plaintiffs' FLSA exemption status; whether Plaintiffs' were entitled to liquidated damages; and whether David Brown was an employer for FLSA purposes.

At the time the settlement was reached, the Parties did not dispute the nature of the employees work or the hours they worked, but rather the exemption status of the employees. The disagreement centered on whether the "Motor Carrier" exemption applied based on some peculiarities of CCM's operation. In order to be exempt under the Motor Carrier exemption, the employee must be employed by a motor carrier or a motor private carrier, engaged in activities that directly affect the operational safety of commercial vehicles, and those vehicles must be transporting property on public highways in interstate commerce. *See* 29 C.F.R. § 782.2; 29 C.F.R. § 782.7. The Parties primarily disputed whether the materials were being transported "in interstate commerce" for purposes of the Act. Neither Plaintiffs nor Defendants located controlling authority that would govern the unique facts of this case.

The Parties also disputed whether Plaintiffs would be entitled to liquidated damages if the Court were to find Plaintiffs should not have been classified as exempt. Although liquidated damages are part of a standard award, a Defendant who has in good faith attempted to follow the dictates of the FLSA and who has a reasonable basis for the belief that the employees were exempt may seek a reduction or elimination of the liquidated damage award. During the mediation, the Parties discussed and examined evidence related to Defendants' basis for their belief Plaintiffs were exempt.

Finally, the Parties disputed whether David Brown would be held liable in his individual capacity. There was discussion during the mediation concerning the factual details of David Brown's role in CCM's operations, particularly with respect to payroll. Defendants provided case law to support the proposition that although Brown was a member of the LLC, he lacked sufficient involvement in the day-to-day decisions over what these employees were paid to be liable in his individual capacity. The point was significant because CCM is n longer in business.

In sum, multiple issues of fact and law were in dispute at the time settlement was reached. The nature of the arguments and factual and legal supports for them were taken into account throughout the mediation process by experienced counsel.

### D. The Settlement is Fair to All Parties Taking into Account the Totality of the Circumstances

The Parties have developed enough case material concerning the issues in dispute to know the potential recovery and the relative risks of proceeding to trial with their claims and defenses. The Parties were represented by competent, experienced counsel throughout. Furthermore, the settlement was the result of arm's length negotiation facilitated by an experienced, certified neutral. In these circumstances, this Court should approve of the settlement as it reflects a fair compromise based on the merits of the claims. <u>Sanderson v. City of Pelosi</u>, No. 4:13-CV-1457-NAB, 2016 WL 1746084, at *1 (E.D. Mo. May 3, 2016).

WHEREFORE, Defendants Central Contracting and Marine, Inc. and David Brown, and Plaintiffs Jerrad Bourbon, William Fadler, and Scott Hall pray that the Court approve their settlement agreement and dismiss this action with prejudice.

    Respectfully submitted,

    GOLDSTEIN and PRICE, L.C.
    and Douglas E. Gossow #35525
    and Jessica M. Emery #69714

By: <u>  /s Douglas Gossow          </u>

      One Memorial Drive, Suite 1000
      St. Louis, MO  63102-2449
      Tel  (314) 421-0710
      Fax (314) 421-2832
      doug@gp-law.com
      jessica@gp-law.com
      *Counsel for Defendants*

      and

      Newton Barth LLP

By:  */s Brandy Barth* (by consent)

      Brandy B. Barth, #56668MO
      BBarth@newtonbarth.com
      555 Washington Ave., Suite 420
      St. Louis, Missouri 63101
      Telephone: (314) 272-4490
      Facsimile: (314) 762-6710
      *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Court to be served upon all counsel of record by operation of the CM/ECF system this 12th day of April, 2018.


                                                             */s Douglas Gossow*